T.C. Summary Opinion 2008-37


UNITED STATES TAX COURT


MARK MONKICHI ITO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16129-06S.                    Filed April 16, 2008.


Mark Monkichi Ito, pro se.

Marion K. Mortensen and David Sorensen, for respondent.


SWIFT, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's 2003 and 2004 individual Federal income taxes in the respective amounts of $3,771 and $1,366, and penalties under section 6662(a) in the respective amounts of $754 and $273.

The primary issue for decision is the amount of tip income petitioner received in 2003 and 2004.

All section references are to the Internal Revenue Code for the years in issue.

Background

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in Utah.

During 2003 and 2004, petitioner was employed as a bartender in the lobby lounge of the Grand America Hotel, in downtown Salt Lake City.

In 2003 and 2004, petitioner received total wages of $20,487 and $28,850, respectively, for his work at the Grand America Hotel.

In each year, petitioner also received tips from customers he served as a bartender in the lobby lounge of the Grand America Hotel. Petitioner, however, did not keep records of the amount of tip income he received.

The Grand America Hotel reported to respondent and to petitioner that petitioner received in 2003 $419 and in 2004

$7,214 in tip income, and petitioner reported on his 2003 and 2004 Federal income tax returns as income a total of $20,487 and $28,850, respectively, which amounts included the above wages petitioner received and the above reported tip income.

During respondent's employment tax audit of the Grand America Hotel and respondent's income tax audit of petitioner, using documented tip income received in 2003 and in 2004 on credit card sales at the food and beverage locations in the Grand America Hotel, applying a discount thereto to calculate tips received on cash sales, calculating an employee per hour tip rate, and considering the number of hours petitioner worked, respondent determined that petitioner had received tip income of $21,360 and $8,737 in 2003 and 2004, respectively, over and above the income from the Grand America Hotel petitioner reported on his Federal income tax returns.[1]

During respondent's income tax audit of petitioner, petitioner did not provide respondent with any records or other credible substantiation of the amount of tip income he received.

## Discussion

It is well established that tip income received by a taxpayer constitutes compensation for services rendered and is

---

[1] As a result of his calculations, respondent estimated that each Grand America Hotel employee who received tips received approximately $10 in tips per hour worked in 2003 and $9 in tips per hour worked in 2004.

includable in the taxpayer's gross income for Federal income tax purposes.  Catalano v. Commissioner, 81 T.C. 8, 13 (1983), affd. without published opinion sub nom. Knoll v. Commissioner, 735 F.2d 1370 (9th Cir. 1984); Way v. Commissioner, T.C. Memo. 1990-590.

Also, it is well established that a taxpayer is required to maintain records sufficient to allow the taxpayer to accurately report all income, sec. 1.6001-1(a), Income Tax Regs., and in the absence of taxpayer records, respondent is authorized to reconstruct a taxpayer's income using any reasonable method, United States v. Fior D'Italia, Inc., 536 U.S. 238, 243 (2002); Mendelson v. Commissioner, 305 F.2d 519, 521-522 (7th Cir. 1962), affg. T.C. Memo. 1961-319; Catalano v. Commissioner, supra at 13; Schroeder v. Commissioner, 40 T.C. 30, 33 (1963).

In McQuatters v. Commissioner, T.C. Memo. 1973-240, we approved respondent's estimate of tip income based on total tips received on credit card sales, total annual credit card and cash sales, and an individual waiter's estimated pro rata share of annual sales (based on the number of hours each waiter worked). A discounted tip rate also was applied to reflect likely lower tips on cash sales.

Petitioner acknowledges that in 2003 and 2004 he received tip income that he did not report on his Federal income tax returns.

Petitioner, however, alleges that because he worked in the lobby lounge of the Grand America Hotel, he received fewer and lower tips than employees who worked in the hotel's restaurants. Petitioner also alleges that the hotel was aware of that fact and accordingly set his hourly wage at $9 an hour, whereas other employees at the hotel's restaurants, who generally received higher tips, were paid a wage of only $2 an hour.

At the trial petitioner called no witnesses, and no documentation was offered to corroborate petitioner's allegation that his employment in the lobby lounge of the Grand America Hotel resulted in higher wages but lower tips for petitioner. Corroborating evidence should have been easily available.

On the basis of the limited evidence before us, we sustain respondent's determination of petitioner's 2003 and 2004 tip income.

Section 6662(a) imposes an accuracy-related penalty of 20 percent on any portion of an underpayment of tax that is attributable to negligence or to disregard of rules or regulations. Sec. 6662(b)(1). Petitioner's failure to keep records and to make a reasonable attempt accurately to report his tip income supports imposition of the section 6662(a) penalties.

Based on the limited evidence before us, we sustain respondent's determination of petitioner's tip income and respondent's imposition of the section 6662(a) negligence penalties.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.